IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JEAN JOCELYN MERILIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-087 |
| | ) | |
| CRYSTAL L. MOON, Director of Clemency | ) | |
| Division of Georgia Board of Pardons and | ) | |
| Paroles; GEORGIA BOARD OF PARDONS | ) | |
| AND PAROLES AND ITS FIVE (5) | ) | |
| MEMBER PANEL; MCFARLAN, Warden | ) | |
| of Telfair State Prison; and GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 12, 18.)[1] The Magistrate Judge recommended dismissing Plaintiff's first amended complaint as a sanction because he failed to truthfully disclose his filing history, and because he failed to state a federal claim upon which relief may be granted. (See doc. no. 5.) After the Report and Recommendation was entered, Plaintiff filed a motion to amend, (doc. no. 9), and a second amended complaint describing new claims against Sergeant Brandon, who allegedly brought

---

[1] Plaintiff submitted two identical copies of his objections. (Compare doc. no. 12, pp. 3-23, with doc. no. 18, pp. 1-21.) However, he attached different exhibits to each copy. (Compare doc. no. 12, pp. 26-113, with doc. no. 18, pp. 23-57.) The Court considered all exhibits submitted by Plaintiff, but for simplicity, only cites to the later-submitted filing when addressing Plaintiff's objections. (Doc. no. 18.)

false disciplinary charges against Plaintiff for Plaintiff's purported refusal to provide a proper urine sample in February 2025, (doc. no. 10).[2]

Thereafter, faced with the prospect of dismissal upon receiving the Magistrate Judge's Report and Recommendation, Plaintiff filed a second motion to amend, which he titled "Motion/Requests for Permissions to Withdraw (Doc. 4) Amended Complaint, and to Permit *Pro Se* Plaintiff to Re-Amend[] Attached New Complaint with Complete Information[]," (doc. no. 11), along with a third amended complaint, (doc. no. 14). The Court liberally construes this motion as a motion to amend the first amended complaint. Torres v. Miami-Dade Cnty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018) (*per curiam*) (explaining a court "must sometimes look beyond the labels used in a *pro se* party's [motion] and focus on the content and substance of the allegations"). This third amended complaint combined into one pleading the claims brought in the first amended complaint, (doc. no. 4), which the Magistrate Judge addressed in his Report and Recommendation, (see doc. no. 5), and the new claims against Sergeant Brandon alleged in the second amended complaint submitted after the Report and Recommendation was entered, (doc. no. 10). Plaintiff subsequently filed a third motion to amend, identical to the first motion, with the complete third amended complaint attached.[3] (Doc. no. 17; see also doc. no. 17-1.)

In his most recently filed motion to amend the first amended complaint, Plaintiff explains he "was misadvised by Telfair State Prison law library staff[]" that because he paid the filing fee, rather than moved to proceed *in forma pauperis*, he did not have to disclose his

---

[2] This second amended complaint constitutes an improper attempt to amend the first amended complaint in a piecemeal manner because it sought to add new claims by a separate filing. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009) (explaining plaintiffs may not piecemeal amend complaint by simply amending sections of complaint or submitting separate filings).

[3] For ease of reference, because both construed second and third motions to amend are identical to one another, the Court exclusively cites to the later-filed motion. (Compare doc. no. 11, with doc. no. 17.)

2

previously filed cases on the complaint form. (Doc. no. 17, p. 1.) He also states he did not remember all his previously filed cases. (Id.) He further contends the § 1983 complaint form "has limited space to put all the cases previously filed." (Id. at 2.) Thus, for these reasons, Plaintiff submits he should be permitted to amend the first amended complaint to disclose all his previously filed cases. (Id. at 1-3.) Plaintiff attached the proposed third amended complaint to the motion, which lists the cases previously omitted by Plaintiff. (See doc. no. 17-1, pp. 4-6.)

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). Here, Plaintiff requests leave to amend to disclose his filing history and to add new claims against Sergeant Brandon for the February 2025 incident. (See doc. nos. 17, 17-1.)

Upon consideration of Plaintiff's failure to fully disclose his filing history on the first amended complaint form, the Court **DENIES** Plaintiff's motion to amend. (Doc. no. 17.) Allowing Plaintiff to amend the first amended complaint would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, No. CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008) (citation omitted)); see also Cole v. Rich, 626 F. App'x 220, 223 (11th Cir. 2015) (*per curiam*) ("While we have not expressly addressed the interaction of a timely Rule 15(a) motion to amend before an answer and a sanctions dismissal based on failure to disclose a prior lawsuit, permitting [plaintiff] to amend his complaint arguably would have circumvented the district court's ability to manage its docket by sanctioning [plaintiff's] failure to disclose his prior lawsuit history."); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per*

3

*curiam*) (finding district court did not abuse its discretion in dismissing case as a sanction for failure to fully disclose filing history and noting "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"); Phillips v. Ward, No. 4:22-CV-37, 2022 WL 22432868, at *1 (N.D. Ga. Apr. 28, 2022) ("If plaintiff seeks leave to amend the Complaint to disclose his litigation history properly, the undersigned recommends that such leave be denied." (citing Cole, 626 F. App'x at 223)), *adopted by* 2022 WL 22432866 (N.D. Ga. May 20, 2022).

Moreover, Plaintiff's contention he did not disclose his full filing history because law library staff incorrectly advised him there was no need to disclose this information does not change the outcome. Johnson v. Burch, No. 5:19-CV-77, 2019 WL 4596569, at *1 (N.D. Fla. Sept. 23, 2019) ("The fact that [plaintiff] apparently received bad legal advice from someone in the prison law library about the form does not excuse his failure to comply with the disclosure requirements on the form or undermine the disposition recommended by the magistrate judge."). Rather, the complaint form on which Plaintiff executed his first amended complaint plainly states, in all capitalized letters: "failure to disclose **all** prior civil cases may result in the dismissal of this case. If you are unsure of any prior cases you have filed, that fact must be disclosed as well." (Doc. no. 4, p. 3 (emphasis in original).) Thus, because the form instructs litigants to fully disclose their filing history, Plaintiff's failure to heed this instruction at the advice of others was unjustified. What's more, although he contends in his motion to amend that he does not know all the cases he has filed, (doc. no. 17, p. 1), Plaintiff also failed to disclose this fact despite the form instructing him to do so, (doc. no. 4, p. 3).

Furthermore, Plaintiff's excuse that he lacked sufficient room on the form to disclose all his prior cases also lacks merit. The complaint form specifically instructs litigants to "list

4

other lawsuits on a separate sheet of paper . . . ." (Doc. no. 4, p. 3.) Plaintiff made no attempt on the first amended complaint form to list his other lawsuits on another piece of paper or otherwise reference their existence. (See id.) Additionally, Plaintiff submitted two amended complaints after he filed his original complaint, demonstrating he had other opportunities to disclose his previous lawsuits, yet he did not do so. (See doc. nos. 1, 4, 10; see also doc. no. 17-1.)

Accordingly, for the above-described reasons, the Court **DENIES** Plaintiff's motion to amend and concludes that allowing Plaintiff to amend the first amended complaint would circumvent the Court's ability to manage its docket and impose sanctions for the submission of false information. (Doc. no. 17.) Because the Court denies this motion, Plaintiff's earlier-filed motions to amend are **MOOT**, (doc. nos. 9, 11). If Plaintiff wishes to file a new complaint disclosing all his cases, he may file a new lawsuit, which requires a new filing fee.

Because the Court denies Plaintiff's motion to amend, the Court now turns to Plaintiff's objections, in which Plaintiff presents the same arguments to justify his failure to fully disclose his filing history and also argues he states a claim for relief on all claims raised. (See doc. no. 18.) After a thorough review, nothing in Plaintiff's objections changes this Court's determination that the case is due to be dismissed because Plaintiff failed to fully disclose his filing history and because he fails to state a federal claim upon which relief may be granted. As explained above, Plaintiff's justifications for his failure to fully disclose his filing history are unavailing, and the case can be dismissed for this reason alone. Moreover, even if he had fully disclosed his filing history, Plaintiff fails to state a federal claim upon which relief may be granted for the reasons described in the Magistrate Judge's Report and Recommendation. (See doc. no. 5, pp. 9-26.) Plaintiff's objections regarding the claims addressed in the Report and Recommendation do not alter this conclusion. (See doc. no. 18, pp. 4-20.)

One objection, however, warrants brief comment. Plaintiff argues the Magistrate Judge did not address his retaliation claims against the parole board in screening the first amended complaint. (Id. at 9, 11-13.) In the first amended complaint, Plaintiff briefly states the parole board retaliated against him when it denied him parole because Plaintiff previously sued the parole board and other prison officials. (Doc. no. 4, pp. 17.) He then provides a paragraph of information about Wilcox State Prison Warden Charles Mims, who allegedly told Plaintiff he was going to transfer Plaintiff to Telfair State Prison and make sure Plaintiff's parole was denied because Plaintiff filed grievances and lawsuits against Wilcox State Prison officials. (Id.)

To the extent the Magistrate Judge did not directly address Plaintiff's cursory reference to retaliation based on the Warden Mims incident, this omission was immaterial because Plaintiff fails to state a retaliation claim for several reasons. To prevail on a retaliation claim, Plaintiff must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation and quotation marks omitted). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). However, "[t]o establish a retaliation claim under the First Amendment, a prisoner must show a causal connection between his protected speech and the harm of which he complains." Smith v. Villapando, 286 F. App'x 682, 685 (11th Cir. 2008) (*per curiam*).

6

First, to the extent Plaintiff brings a retaliation claim against Warden Mims, this claim fails because Warden Mims is not a named Defendant. (See doc. no. 4.) Second, to the extent he brings claims against the Georgia Board of Pardons and Paroles and its Five (5) Members Panel, this claim fails because, as the Magistrate Judge explained, this state agency is not subject to liability in a § 1983 lawsuit. (See doc. no. 5, pp. 9-10.) Finally, Plaintiff's retaliation claim also fails because he inadequately alleges causation. Beyond his own conclusory assertions that he was denied parole because he filed lawsuits and grievances, he fails to provide any supporting factual detail to establish that any named Defendant engaged in any conduct constituting retaliation. (See id.) Rather, Plaintiff's retaliation allegations are vague and conclusory, and thus, he fails to allege a valid claim for retaliation that is plausible on its face.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, and **DISMISSES** Plaintiff's amended complaint without prejudice because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a federal claim upon which relief may be granted. The Court further **DISMISSES** any potential state law claims without prejudice and **CLOSES** this civil action.

SO ORDERED this 12th day of May, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE